In the Matter of the Petition of H. J. Isaacs et al., for a Commission to lay out a Public Road in Nanticoke Hundred.

*Practice—Evidence.*

1. Where service has been made upon the owners or holders of land on the line of a proposed public road and the fact of such service accidentally omitted in the affidavit, oral proof may be made of such service. Such proof must be made before the order to lay out the road is granted.

2. The correct practice stated.

(*October 21, 1897.*)

Lore, C. J., and Grubb and Pennewill, J. J., sitting.
*Edward D. Hearne* and *R. C. White* for petitioners.
*John M. Richardson,* contra.

Court of General Sessions, Sussex County, October Term, 1897.

A petition was filed at the April term, 1897, praying for the appointment of a commission to lay out a public road in Nanticoke Hundred, and the matter was continued to the October Term, 1897. An affidavit, made by Joseph H. Isaacs, was filed with the petition, setting forth that he had served the usual legal notice upon the various land owners, naming them, through whose property said road was to be laid out.

The name of one of the said land owners was, however, inadvertently omitted from said affidavit.

*Mr. White* offered to prove orally by the affiant that he had actually served the proper notice, copy of which was produced, upon Minos Isaacs, the party whose name was omitted in the affidavit filed with the said petition.

This was objected to by *Mr. Richardson*, who contended it was not the practice to allow oral proof in such cases, and that the parties were confined to the affidavit filed.

LORE, C. J:—You may call the witness to prove the fact. The usual mode of proving the service of notice upon owners or holders of land on the line of a proposed road, is by the affidavit of the person making such service, filed with the petition when the order is applied for. This has been the practice, and should be followed for the convenient dispatch of such applications. There is, however, no statute or rule of Court precluding the Court from hearing oral proof where such service has already been made and accidentally omitted in the affidavit, as in this case. Such proof, however, must be made before the order to lay out the road is granted.